# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

Secretary of Labor Hilda L. Solis,  :
United States Department of Labor,
                                               :

    Plaintiff,                                :         Case No. 3:12cv00283

 vs.                                                 District Judge Thomas M. Rose
                                             :         Chief Magistrate Judge Sharon L. Ovington

Bruce E. Spencer, *et al*.,
                                             :

    Defendants.
                                             :

# REPORT AND RECOMMENDATIONS[1]

This case is before the Court following the Entry of Default against Defendant Tannile Elizabeth Ortiz (Doc. #22) and upon Plaintiff's Motion for Default Judgment as to Defendant Tannile Elizabeth Ortiz (Doc. #25) to which Defendant Ortiz has not responded. Defendant Ortiz has not consented to Magistrate Judge jurisdiction. Without her consent, and because a Motion for Default Judgment is a dispositive motion, the instant Report and Recommendation is required. *See* 28 U.S.C. §636(b); *see also Callier v. Gray,* 167 F.3d 977, 981 (6th Cir.1999).

In light of Defendant Ortiz's failure to respond to the Entry of Default or to otherwise oppose Plaintiff's Motion for Default Judgment, the record contains no dispute over

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Defendant Ortiz's default in this case. Consequently, although the federal courts generally prefer to adjudicate cases on their merits, Plaintiff's Motion is well taken, and Default Judgment is presently warranted against Defendant Ortiz. *See* Fed. R. Civ. P. 55(a), (b)(2).

When a defendant is in default for failure to answer or respond to a Complaint, the well-pleaded allegations in the Complaint are sufficient to establish a defendant's liability but the allegations of the Complaint are not controlling as to the amount of damages. *National Satellite Sports, Inc. v. Mosley Entertainment, Inc*., 2002 WL 1303039 at *3 (E.D. Mich. May 21, 2002). The well-plead allegations of Plaintiff's Complaint establish that Defendant Ortiz, as an officer of Spencer & Associates LLC, violated the particular provisions of Employee Retirement Income Security Act (ERISA) of 1974, as amended, as described in the Complaint.

Regarding damages, Fed. R. Civ. P. 55(b)(1) provides that judgment by default may be entered when the claim is for a sum certain or for a sum which can by computation be made certain if the defendant has defaulted for failure to appear and is not an infant or incompetent person. An affidavit must be submitted regarding the amount due. *See* Fed. R. Civ. P. 55(b)(1).

Plaintiff supports the present Motion for Default Judgment with the Declaration of Michele L. Banks made under the penalty of perjury pursuant to 28 U.S.C.§1746. Ms. Banks' Declaration therefore has the same force and effect as an affidavit. *Id*.

Ms. Banks is an investigator employed by the Cincinnati Office of the Employee Benefits Security Administration (EBSA) of the U.S. Department of Labor. (Doc. #3,

PageID at 100). She declares, "In the course of my duties with EBSA, I conducted an investigation of the Spencer & Associates, LLC Profit Sharing and 401(k) Plan (the "Plan") to determine whether any violations of Title I of the Employee Retirement Income Security Act of 1974, as amended, had occurred or were about to occur." *Id*. During Ms. Banks investigation, she learned that Defendant Ortiz was an officer of Spencer & Associates, LLC, and that "[i]n her duties as an officer Ortiz was responsible for remitting participant withholdings to the Plan's asset custodian, John Hancock." *Id*. at PageID 100-01.

Ms. Banks then identifies the amount – $8,378.36 – of participant withholdings Ortiz failed to remit to John Hancock in a timely manner from April 4, 2008 through June 25, 2010. Ms. Banks noted, "Ortiz cause $8,378.36 to be retained in the corporate account of Spencer & Associates, LLC up to 163 calendar days after they should have been remitted." (Doc. #25, PageID at 101).

Ms. Banks next identified the amount – $8,330.40 – of participant withholdings Ortiz failed remit to John Hancock from March 7, 2008 to July 2011. Ms. Banks explains "These withholdings remained in the corporate account of Spencer & Associates, LLC." *Id*., PageID at 101. Ms. Banks has also "computed lost opportunity costs ... in the amount of $3,164.24" through May 16, 2013. *Id.*

Ms. Banks further declares, "Spencer & Associates, LLC was dissolved on September 16, 2010. To date [May 16, 2003], participants have not received these funds." *Id*.

Ms. Banks also states, "Of the $11,494.64 owed to the Plan, $4,363.55 is owed to

3

Ortiz. The $4,363.55 owed to Ortiz consists of $3,154.42. in unremitted employee contributions and $1,209.13 in lost opportunity costs, calculated through May 16, 2013." (Doc. #25, PageID at 101).

Attached as Exhibit A to Ms. Banks' Declaration is a list identifying nine Plan participants and setting forth each participant's unremitted contributions, lost opportunity costs, and the total amount owed to each listed participant. *Id*., PageID at 103. Because Ms. Banks' Declaration is sworn under the penalty of perjury and is unopposed by Defendant Ortiz, Plaintiff's Motion and Exhibit A establish the amount of damages Defendant Ortiz presently owes in this matter.

Accordingly, Plaintiff's Motion for Default Judgment is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Default Judgment as to Defendant Tannile Elizabeth Ortiz (Doc. #25) be GRANTED;

2. The specific injunctive relief, damages, and Judgment Plaintiff seeks in her Motion (Doc. #25, PageID at 97) be imposed as to Defendant Tannile Elizabeth Ortiz.

July 30, 2013

               s/Sharon L. Ovington
                Sharon L. Ovington
               Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).